IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN E. FULLER,

   Plaintiff,

   v.

SUNTRUST MORTGAGE, INC.,

   Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-3924-TWT

**OPINION AND ORDER**

This is an action for wrongful foreclosure. It is before the Court on the Report and Recommendation [Doc. 12] of the Magistrate Judge recommending granting the Plaintiff's Motion to Remand [Doc. 8] and denying with leave to renew the Defendant's Motion to Dismiss [Doc. 5].

On December 29, 2003, the Plaintiff purchased property located at 22 Windgate Drive, Riverdale, Georgia. The Property was secured by a Deed to Secure Debt executed in favor of SunTrust Mortgage with Mortgage Electronic Systems ("MERS") as nominee. In his complaint, the Plaintiff alleges that he was working through a loan modification process with SunTrust at the time SunTrust foreclosed on the Property.

The Plaintiff originally filed suit against SunTrust in the Superior Court of Clayton County, Georgia on October 15, 2013, alleging two counts of wrongful foreclosure, negligent misrepresentation, and attorney's fees. SunTrust removed the suit to this Court on November 25, 2013, and filed the instant motion to dismiss. The Plaintiff then filed a motion to remand contending that the Court does not have subject matter jurisdiction over his suit because the amount in controversy does not meet the jurisdictional threshold of $75,000.

In his Report and Recommendation, the Magistrate Judge recommends that the Court grant the Plaintiff's motion to remand because the Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Magistrate Judge noted that the Eleventh Circuit has held that where a plaintiff seeks to enjoin or set aside a foreclosure sale, the "amount in controversy is measured by the value of the object of the litigation, that is, the property's undisputed fair market value."[1] The Defendant contends that the Court may measure the damages alleged in the Plaintiff's suit with reference to the principal balance of $114,000 which remained on the $128,000 loan at the time of foreclosure.

---

[1] *See Ballew v. Roundpoint Mortg. Servicing Corp.*, No. 12-11420, 2012 WL 4373004 (11th Cir. Sept. 26, 2012) (quotations and citations omitted).

The Magistrate Judge, however, found that the Defendant had not made any attempt to show that the value of the Property *at the time of removal* exceeded $75,000. In particular, the Magistrate Judge noted that the $128,000 loan was made ten years prior to the date of removal. In contrast, the Deed Under Power at foreclosure showed the highest bidder purchased the property for $56,800. Clayton County property tax records then showed that the Property was sold again on June 22, 2012, for only $29,000 and Clayton County later assessed the Property at a 2013 fair market value of $52,976. The Magistrate Judge took judicial notice of these public records not as proof that those figures were the actual value of the Property, but rather to demonstrate that the ten year old loan figure could not support a contention that the fair market value of the Property at the time of removal exceeded $75,000. Further, the Magistrate Judge found that the amount of attorney's fees was too speculative to contribute to the amount in controversy. Finally, contrary to the Defendant's arguments, the Magistrate Judge found that the Plaintiff's well-pleaded allegations did not state a claim under the federal Fair Credit Reporting Act and therefore, the Court did not have original jurisdiction over the Plaintiff's complaint.

No party has filed objections to the Report and Recommendation.

The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Plaintiff's Motion to Remand [Doc. 8] is GRANTED.

The Defendant's Motion to Dismiss [Doc. 5] is DENIED with leave to renew. This action is REMANDED to the Superior Court of Clayton County.

SO ORDERED, this 6th day of August, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge